# EXHIBIT A

# CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT
# GOVERNING THE INSPECTION OF BOOKS AND RECORDS

This Confidentiality and Non-Disclosure Agreement Governing the Inspection of Books and Records (the "**Agreement**") is entered into between The Wendy's Company ("**Wendy's**"), and Thomas Caracci ("**Caracci**"), through his legal counsel at the firm of Newman Ferrara LLP ("**Newman Ferrara**"). Wendy's, Caracci, and Newman Ferrara are each individually referred to herein as a "Party" and are collectively referred to as the "Parties."

WHEREAS, on or about May 31, 2016, Caracci made a demand (the "**Demand**") to inspect certain books and records of Wendy's pursuant to 8 Del. C. § 220;

WHEREAS, Wendy's does not concede the propriety of the Demand in any respect and expressly reserves its rights to dispute the propriety of the Demand under Delaware law;

WHEREAS, Caracci represents that he is a record owner of common stock of Wendy's;

WHEREAS, pursuant to the Demand, Wendy's may disclose to Caracci and Newman Ferrara certain non-public, confidential information (together with any information derived therefrom, the "**Inspection Information**");

IT IS HEREBY AGREED, by and between the Parties, this 23rd day of June 2016, as follows:

1. Caracci, Newman Ferrara, and each Advisor (defined below) hereby covenant and agree that the Inspection Information may be used only for the purposes stated in the Demand, and shall not be used for any other purpose. Notwithstanding the foregoing, Caracci, Newman Ferrara, and each Advisor must hold all Inspection

Information in confidence, and may not disclose, publish, disseminate, or communicate the Inspection Information (or the content thereof) to anyone, either directly or indirectly, except as provided in this Agreement. Newman Ferrara further agrees that it will be responsible and liable to Wendy's for any breach by Caracci or any Advisor of this Agreement or of any Advisor Undertaking in the form attached hereto as Exhibit A executed by such Advisor.

2. Subject to the terms of this Agreement, Caracci and Newman Ferrara may provide the Inspection Information to legal advisors and/or experts (each an "**Advisor**"); provided, however, that Caracci and Newman Ferrara must first have received from each such Advisor a duly executed Advisor Undertaking in the form attached hereto as Exhibit A. As an express condition of receiving Inspection Information, each Advisor shall acknowledge, agree and represent that: (1) Inspection Information provided under this Agreement shall be used solely for (a) investigating, preparing, filing and prosecuting a derivative lawsuit on behalf of Wendy's; or (b) communicating with the board of directors or management of Wendy's regarding the company's past, present or future policies or practices; (2) the Advisor shall hold all Inspection Information in strict confidence and shall not disclose any Inspection Information to any third party including, without limitation, parties, counsel, experts, consultants or otherwise in securities, governmental or other proceedings, until and unless authorized by Wendy's in writing in advance of the disclosure; and (3) the Advisor and any firm that the Advisor is affiliated with (a) are not providing services to any parties or lawyers pursuing claims against Wendy's or any of its subsidiaries, affiliates, directors or officers, and (b) are not providing services to any competitors of Wendy's.

3. Due to the sensitive and confidential nature of the documents requested in the Demand, any Inspection Information that Wendy's may disclose to Caracci and Newman Ferrara will be stamped "CONFIDENTIAL." If Caracci or Newman Ferrara provides any Inspection Information to any Advisor or to any other third-party as set forth in Paragraphs 2 and 5 of this Agreement, any and all documents so provided must retain the "CONFIDENTIAL" stamping.

4. Wendy's reserves the right to deem certain Inspection Information as being "highly sensitive," the disclosure of which could increase Wendy's risk of a future cyber-attack. In such event, Wendy's reserves the right to limit the disclosure of such Inspection Information to an in-person review by attorneys' eyes only. After such review, Caracci and Newman Ferrara reserve the right to challenge the designation of Inspection Information as highly sensitive in the Court of Chancery of the State of Delaware.

5. If Caracci, Newman Ferrara, or any Advisor is required (by interrogatory, subpoena, civil investigatory demand, or any similar process relating to any legal proceeding, investigation, hearing, or otherwise) to disclose in any manner any Inspection Information, Caracci, Newman Ferrara, and such Advisor(s) will provide Wendy's with prompt notice *(i.e.,* within 2 business days after receiving such interrogatory, subpoena, demand, or any similar process), so that Wendy's may seek a protective order or other appropriate remedy and/or waive compliance with this Agreement. In the event that such protective order or other remedy is not obtained, or if Wendy's waives compliance with the provisions of this Agreement, Caracci, Newman Ferrara, and the Advisor(s) may furnish only such Inspection Information as they are advised is legally required and must

exercise their best efforts to obtain assurance that confidential treatment will be accorded to any Inspection Information that is compelled to be disclosed. Nothing in this Agreement shall be construed to require Caracci or any of Advisor to violate or abrogate lawful process, nor shall it be construed as requiring any party to challenge or appeal any order requiring production of Inspection Information, or to subject itself to sanction for non-compliance with any legal process or order to which a response is required by law.

6. To the extent that Caracci wishes to commence litigation using any of the Inspection Information in a complaint or other pleading in any court, Caracci's counsel shall either: (1) first provide Wendy's with a copy of the complaint or other pleading and any attachments or exhibits (collectively, the "**Complaint**") before filing and shall provide Wendy's a reasonable opportunity to determine whether the Complaint or portions thereof constitute or contain Inspection Information and should be filed under seal; or (2) cause the document to be filed as a confidential document in accordance with The Rules of the Court of Chancery of the State of Delaware 5.1(c) or such other statute or rule providing for similar protection. If Wendy's determines that the Complaint constitutes or contains Inspection Information that should be filed under seal, Caracci shall take appropriate steps to ensure that such Inspection Information is filed under seal. In addition, Caracci shall take all steps reasonably necessary to ensure the continued confidentiality of all Inspection Information. Except as otherwise provided in this Paragraph 6, no Inspection Information may be disclosed or used in any way in any public filing, unless the Inspection Information becomes public or Caracci is otherwise ordered by a court.

7. If Inspection Information alleged to be subject to attorney-client privilege, attorney work product, or any other applicable privilege or immunity is nevertheless inadvertently disclosed to Caracci or Newman Ferrara, such disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other applicable privilege or immunity that Wendy's would otherwise have. If a claim of inadvertent production is made pursuant to this paragraph with respect to Inspection Information then in the custody of Caracci, Newman Ferrara or any Advisor(s) (the "**Receiving Party**"), such Receiving Party shall promptly return to Wendy's the material as to which the claim of inadvertent production has been made and the Receiving Party shall not use such information for any purpose. Should the Receiving Party thereafter seek to compel production of such material, it shall not assert the fact or circumstance of the inadvertent production as a ground for compelling production.

8. Each Party and each Advisor hereby consents to the exclusive jurisdiction of the courts of the State of Delaware for the purpose of any suit, action, or other proceeding arising out of this Agreement. Each Party and each Advisor hereby expressly waives any and all objections such Party or Advisor may have to personal jurisdiction or to venue, including without limitation the inconvenience of such forum, in any of the courts of the State of Delaware.

9. All notices under this Agreement shall be in writing and shall be given (and shall be deemed to have been duly given upon receipt) by delivery in person, or by Federal Express, or by email with attachments in portable document format (.pdf) or other similar format, as follows:

5

If to Wendy's:

> The Wendy's Company
> One Dave Thomas Blvd.
> Dublin, OH 43017
> Attn: General Counsel
> Email: dana.klein@wendys.com

with copies to:

> John Latham
> Alston & Bird LLP
> 1201 W. Peachtree Street NW
> Atlanta, GA 30309
> Email: john.latham@alston.com

If to Caracci, Newman Ferrara and/or Caracci's Advisor(s):

> Roger Sachar
> Newman Ferrara LLP
> 1250 Broadway St, 27th Fl.
> New York, NY 10001
> Email: rsachar@nfllp.com

or to such other name and address as either Party may designate by notice to the other Party. Each Party and each Advisor agree that notice pursuant to this Paragraph 9 constitutes effective service of process on such Party or Advisor in any suit, action, or other proceeding arising out of this Agreement.

10. If any suit, action, or other proceeding is initiated to enforce the provisions of this Agreement, the prevailing party shall be entitled to reimbursement from the Party found to have violated the terms of this Agreement, for all costs and expenses, including reasonable counsel fees, incurred by it in connection therewith.

11. Each Party and each Advisor agree that Wendy's does not have an adequate remedy at law in the event of a breach of this Agreement by Caracci or his Advisor(s). The Parties and each Advisor further agree that, in the event of a breach of

this Agreement by Caracci or his Advisor(s), Wendy's will suffer irreparable harm and will be entitled to specific performance and/or injunctive relief to enforce the terms of this Agreement. Such remedies shall not be deemed to be the exclusive remedies for any breach of this Agreement but shall be in addition to any other remedies to which Wendy's may be entitled at law or in equity.

12. This Agreement may not be amended, changed, waived, discharged, or terminated (except as explicitly provided herein), in whole or in part, except by an instrument in writing that refers specifically to this Agreement and that is signed by the Party against whom enforcement of such amendment, change, waiver, discharge, or termination is sought.

13. The waiver by any Party of any breach of this Agreement will not be deemed or construed as a waiver of any other breach of this Agreement, whether prior, subsequent, or contemporaneous. No failure or delay in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, and no single or partial exercise of any right, power, or privilege hereunder shall preclude any other or further exercise of any right, power, or privilege.

14. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective agents, executors, heirs, beneficiaries, successors, and assigns.

15. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to its conflict of laws principles.

16. This Agreement may be executed in multiple counterparts by any of the signatories hereto and as so executed shall constitute one agreement.

17. This Agreement constitutes the entire agreement among the Parties with regard to the subject matter hereof, and supersedes all prior agreements and understandings, written and oral, among the Parties with regard to the subject matter hereof.

18. This Agreement will be deemed to have been mutually prepared by the Parties and each Advisor and will not be construed against any of them by reason of authorship.

19. To the extent Wendy's determines to make available for inspection any additional documents to Caracci in response to the Demand, all such documents and any information derived from them shall be included in the term Inspection Information as defined in this Agreement, and the use of such documents and any information derived from them shall be governed by the terms of this Agreement.

| THE WENDY'S COMPANY | THOMAS CARACCI |
|---|---|
| /s/ | /s/ |
| By: | By: |
| Name: | Name: |
| Title: | Title: |
| Date: | Date: |

**NEWMAN FERRARA LLP**

/s/

By:
Name: Roger Sacher
Title: Atty
Date: 6/23/16

17. This Agreement constitutes the entire agreement among the Parties with regard to the subject matter hereof, and supersedes all prior agreements and understandings, written and oral, among the Parties with regard to the subject matter hereof.

18. This Agreement will be deemed to have been mutually prepared by the Parties and each Advisor and will not be construed against any of them by reason of authorship.

19. To the extent Wendy's determines to make available for inspection any additional documents to Caracci in response to the Demand, all such documents and any information derived from them shall be included in the term Inspection Information as defined in this Agreement, and the use of such documents and any information derived from them shall be governed by the terms of this Agreement.

**THE WENDY'S COMPANY**

/s/ _____

By:
Name:
Title:
Date:

**THOMAS CARACCI**

/s/ Thomas Caracci

By:
Name:
Title:
Date: 6-23-14

**NEWMAN FERRARA LLP**

/s/ _____

By:
Name:
Title:
Date:

8

# EXHIBIT A
## ADVISOR UNDERTAKING

I hereby certify that: (i) I understand that Inspection Information is being provided to me pursuant to the Confidentiality and Non-Disclosure Agreement Governing the Inspection of Books and Records (the "Agreement") between The Wendy's Company and Thomas Caracci ("Caracci") and Newman Ferrara LLP ("Newman Ferrara"); (ii) I have read the Agreement; and (iii) I am a legal advisor and/or expert retained by Caracci.

I understand the terms of the Agreement and agree to be fully bound thereby.

I consent to the exclusive jurisdiction of the courts of the State of Delaware for the purpose of any suit, action, or other proceeding arising out of the Agreement or this Advisor Undertaking. I expressly waive any and all objections to personal jurisdiction or to venue, including without limitation the inconvenience of such forum, in any of the courts of the State of Delaware.

I agree to the appointment of Newman Ferrara as my agent for service of process for any suit, action, or other proceeding arising out of the Agreement or this Advisor Undertaking, and agree that notice pursuant to the terms of the Agreement constitutes effective service of process on me.

I understand that any violation of the Agreement or this Advisor Undertaking may be punishable by such relief as deemed appropriate by the courts of the State of Delaware.

/s/_____

Name:
Company:
Date: