# EXHIBIT B

(e) Filing with the Court defined. -- The filing of pleadings and other papers with the Court as required by these Rules shall be made by filing them with the Register in Chancery, except that the Court may permit the papers to be filed with it, in which event it shall note thereon the filing date and transmit them to the office of the Register in Chancery.

(f) Proof of service of papers. -- Unless otherwise ordered, no pleading or other paper, required by these Rules to be served by the party filing the paper, shall be filed unless the original thereof shall have endorsed thereon a receipt of service of a copy thereof by all parties required to be served or it shall be accompanied by affidavit showing that service has been made and how made or it shall be accompanied by a certificate of an attorney of record showing service has been made and how.

(g) Notice by publication. -- Whenever by statute, rule or order of this Court notice by publication is required within this state, the party required to give notice shall cause to be published such notice in The News Journal or the Delaware State News . No other newspaper shall be used for publication of notices within this state unless, upon petition to the Court, good cause is shown to depart from this rule.

**Rule 5.1. Public access to documents filed with the Court in civil actions.**

(a) General principle of public access. -- Except as otherwise provided in this Rule, proceedings in a civil action are a matter of public record. All pleadings and other materials of any sort, including motions, briefs, letters, affidavits, exhibits, deposition transcripts, answers to interrogatories, answers to requests for admissions, and hearing transcripts, that are filed with the Register in Chancery, provided to the Court, or otherwise part of the record in a civil action ("Documents") shall be available for public access.

(b) Obtaining Confidential Treatment. -- After the commencement of an action pursuant to Rule 3(a), any person may request that the Court order the Register in Chancery to permit Documents to be filed confidentially and not available for public access ("Confidential Treatment").

(1) Except as otherwise provided in this Rule, a Document shall not receive Confidential Treatment unless the person seeking Confidential Treatment shall have first obtained an order of this Court specifying the information or categories of information for which good cause exists for Confidential Treatment ("Confidential Information"). A Document shall receive Confidential Treatment only if and to the extent that it contains Confidential Information.

(2) For purposes of this Rule, "good cause" for Confidential Treatment shall exist only if the public interest in access to Court proceedings is outweighed by the harm that public disclosure of sensitive, non-public information would cause. Examples of categories of information that may qualify as Confidential Information include trade secrets; sensitive proprietary information; sensitive financial, business, or personnel information; sensitive personal information such as medical records; and personally identifying information such as social security numbers, financial account numbers, and the names of minor children.

(3) The party or person seeking to obtain or maintain Confidential Treatment always bears the burden of establishing good cause for Confidential Treatment. The designation of material as Confidential Information constitutes a certification that the designating lawyer, party, or person has reviewed the Document and believes that good cause exists for Confidential Treatment.

(4) In connection with the entry of an order pursuant to this Rule, the Court may determine the manner and extent of Confidential Treatment for any Document, category of

Documents, or type of Confidential Information, including limiting access to attorneys of record in the civil action. The Court may, in its discretion, review any Document in camera to determine whether good cause exists for Confidential Treatment.

(c) Filing a document entitled to Confidential Treatment. -- Any Document entitled to Confidential Treatment shall be filed confidentially (a "Confidential Filing").

(1) The Register in Chancery shall maintain a docket system for civil actions that permits a Confidential Filing to be viewed only by the Court, the filer, and those participants in the case who have been served with the Confidential Filing. The title of the document, the identity of the filer, and the identities of the participants in the case who have been served with the Confidential Filing shall be available for public access.

(2) Every Confidential Filing shall have a cover page bearing the caption of the case, the title of the Document, and stating: YOU ARE IN POSSESSION OF A CONFIDENTIAL FILING FROM THE COURT OF CHANCERY OF THE STATE OF DELAWARE.

If you are not authorized by Court Order to view or retrieve this document, read no further than this page. You should contact the following person: [Filing Attorney or Party's Name] [Filing Attorney's Law Firm] [Filing Attorney or Party's Address] [Filing Attorney or Party's Telephone Number]

If a public version of the Document will be filed in accordance with Rule 5.1(d), then the cover page shall also state: A public version of this document will be filed on or before [DATE].

In lieu of the text "[DATE]," insert the calendar date on or before which the public version will be filed pursuant to this Rule.

No other information should appear on the cover page.

(3) If a Confidential Filing includes multiple Documents, such as an appendix of exhibits or a brief or affidavit with exhibits attached, then the Confidential Filing shall be filed with a single cover page for the document as a whole.

(4) Every page of a Confidential Filing shall have a footer stating "THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER." A party may omit the footer for voluminous exhibits.

(d) Filing a public version. -- Except as otherwise provided in this Rule, the filer of a Confidential Filing shall file a public version within five days after making the Confidential Filing. In the absence of timely compliance with this Rule, the Confidential Filing shall become part of the public record, and the Register in Chancery shall make the Confidential Filing available for public access on the docket system to the same extent as any other public filing.

(1) Not later than 3:00 p.m. on the next business day after a Confidential Filing is filed, and contemporaneously whenever reasonably practicable, the filer shall give notice to each attorney who has entered an appearance on behalf of each person who has designated information in the Confidential Filing as Confidential Information. The notice shall not be filed with the Register in Chancery. The notice shall attach a proposed public version of the Confidential Filing ("filer's proposed public version") that redacts only the information the filer believes qualifies as Confidential Information. The notice shall refer to this Rule and state that the filer's proposed public version shall be filed in compliance with this Rule if no one designates Confidential Information in response to the notice by 3:00 p.m. on the fifth day after the Confidential Filing. If no one has designated Confidential Information in response to the notice by that time, then the public version filed shall be the filer's proposed public version; otherwise, the public version filed shall be a version that redacts only the filer's Confidential Information

and the Confidential Information designated in response to the filer's notice.

(2) For administrative convenience, the filer need not file a public version of documentary exhibits or deposition transcripts. If there is a challenge to the Confidential Treatment of an exhibit or deposition transcript for which no public version has been filed, then the filer shall file a public version of the exhibit or deposition transcript in compliance with Rule 5.1(f).

(e) Confidential Treatment for complaints. -- A plaintiff may file a complaint and any related Documents as a Confidential Filing without first obtaining an order as required by this Rule according to the following procedure.

(1) The plaintiff shall file as a Confidential Filing (i) the complaint and any related Documents and (ii) a cover letter addressed to the Register in Chancery that certifies compliance with this Rule in accordance with Rule 5.1(c). When filing a complaint as a Confidential Filing in accordance with this Rule, the plaintiff (i) shall file publicly the covering sheet referenced in Rule 3(a)(2) and (ii) the covering sheet shall summarize the claims asserted in the complaint in sufficient detail to inform the public of the nature of the dispute.

(2) On the same day that the plaintiff files the complaint and any Documents as a Confidential Filing, and contemporaneously whenever reasonably practicable, the plaintiff shall use its best efforts to give actual notice to each person who could have a legitimate interest in designating information in the foregoing materials as Confidential Information. The notice shall not be filed with the Register in Chancery. If the person has a registered agent in this State, the plaintiff shall both give notice to the registered agent and use its best efforts to give notice to the person at its principal place of business, through counsel, or in accordance with the notice provision in any agreement giving rise to the confidentiality obligation. The notice shall include a copy of this Rule and a proposed public version of the complaint and any related Documents redacting only the information that the plaintiff believes qualifies as Confidential Information ("plaintiff's public versions"). The notice shall state that the plaintiff's public versions shall be filed in compliance with this Rule if no one designates Confidential Information in response to the notice by 3:00 p.m. on the third day after the giving of notice.

(3) The plaintiff shall file public versions of the complaint and any related Documents within three days after filing the Confidential Filings. If no one has designated Confidential Information by 3:00 p.m. on the third day after giving of notice, then the public versions filed shall be the plaintiff's public versions; otherwise, the public versions filed shall be versions that redact only the plaintiff's Confidential Information and the Confidential Information designated in response to the notice.

(f) Challenges to Confidential Treatment. -- Any person may challenge the Confidential Treatment of a Confidential Filing by filing a notice raising the challenge with the Register in Chancery.

(1) If the Confidential Filing is a Document for which the filing of a public version was not required under Rule 5.1(d), then within five days after the filing of the challenger's notice, the person who filed the Confidential Filing shall give notice to each attorney who has entered an appearance for each person who designated Confidential Information in the Confidential Filing. The filer's notice shall not be filed with the Register in Chancery. The filer's notice shall attach a proposed public version of the Confidential Filing ("filer's public version") that redacts only the material that the filer believes qualifies as Confidential Information. The filer's notice shall refer to this Rule and state that the filer's public version shall be filed in compliance with this Rule unless additional Confidential Information is timely designated. If no

one has designated additional Confidential Information within 10 days of the filing of the challenger's notice, then the filer shall file the filer's public version; otherwise the filer shall file a public version that redacts the filer's Confidential Information and any Confidential Information designated in response to the filer's notice. Once a public version is accessible, any person may challenge the omission of material from the public version by filing a notice in accordance with this Rule.

      (2) If a public version of the Confidential Filing is accessible, any person may seek continued Confidential Treatment for the Confidential Information redacted from the public version by filing a motion within five days after the filing of the challenger's notice. The filing of the motion constitutes a certification that the signer of the motion personally reviewed the Confidential Filing and that continued Confidential Treatment is appropriate. The person challenging Confidential Treatment shall have five days to file an opposition. The Court shall then determine whether Confidential Treatment will be maintained, or whether a reply, hearing or further proceedings are warranted. If a motion seeking continued Confidential Treatment is not timely filed, then the Confidential Filing shall become part of the public record, and the Register in Chancery shall permit access to the Confidential Filing on the docket system to the same extent as any other public filing. If an opposition to the motion is not timely filed, then the challenge shall be deemed withdrawn and the Confidential Filing shall continue to receive Confidential Treatment.

  (g) Treatment of Confidential Filings three years after final disposition. -- The Confidential Treatment afforded to any Document in a civil action shall expire three years after the final disposition of the civil action.

      (1) At least 90 days before the expiration of the three-year period, the Register in Chancery shall file a notice on the docket advising the parties of the expiration of the order providing for Confidential Treatment. Unless the Court further extends the period of Confidential Treatment by separate order issued after the filing of the Register in Chancery's notice, every Confidential Filing shall become a part of the public record three years after final disposition, and the Register in Chancery shall make all Confidential Filings available for public access on the docket system to the same extent as other public filings.

      (2) Any person seeking continued Confidential Treatment must move for continued Confidential Treatment within 30 days after the filing of the Register in Chancery's notice. The motion for continued Confidential Treatment must demonstrate that the particularized harm from public disclosure of the Confidential Information in the Confidential Filing clearly outweighs the public interest in access to Court records. The movant must file a supporting brief and affidavits providing an evidentiary basis for the particularized harm on which the movant relies for each Document for which continued Confidential Treatment is sought. The Court shall then determine whether or to what extent Confidential Treatment will be maintained, or whether a hearing or other proceedings are warranted.

  (h) Time periods not subject to Rule 6(e). -- The additional time after service by mail or e-File permitted by Rule 6(e) shall not apply to the time periods described in this Rule for the parties to take action, regardless of the method of service.

**Rule 6.  Time.**

  (a) Computation. -- In computing any period of time prescribed or allowed by these Rules, by order of Court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so