UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS CARACCI, derivatively and on behalf of THE WENDY'S COMPANY | : : : | Case No. 1:17-cv-192 |
| Plaintiff, | : : | Judge Timothy S. Black |
| vs. | : : | |
| EMIL J. BROLICK, *et al.,* | : : | |
| Defendants. | : | |

**ORDER CONDITIONALLY GRANTING
PLAINTIFF'S MOTION TO FILE VERIFIED
SHAREHOLDER DERIVATIVE COMPLAINT
UNDER SEAL (Doc. 1)**

This civil case is before the Court on Plaintiff's motion to file his verified shareholder derivative complaint under seal (Doc. 1).

### I.  FACTS <u>AS ALLEGED</u> BY THE PLAINTIFF

Plaintiff is a shareholder of The Wendy's Company ("Wendy's"). (Doc. 1 at ¶ 1). Prior to commencing this action, Plaintiff made a demand on Wendy's for inspection of its books and records pursuant to 8 Del. C. § 220. (*Id.* at ¶ 2). In response, Plaintiff received records from Wendy's (the "Section 220 Materials"). (*Id.*).

In order to receive the Section 220 Materials, Plaintiff executed a confidentiality agreement with Wendy's ("Confidentiality Agreement"). (Doc. 1 at ¶ 3). The Confidentiality Agreement provides:

> To the extent that [Plaintiff] wishes to commence litigation using any of the Inspection Information in a complaint or other pleading in any court, [Plaintiff's] counsel shall either: (1) first provide Wendy's with a copy of the complaint or other pleading and any attachments or exhibits (collectively, the **"Complaint"**) before filing and shall provide Wendy's a reasonable opportunity to determine whether the Complaint or portions thereof constitute or contain Inspection Information and should be filed under seal; or (2) cause the document to be filed as a confidential document in accordance with The Rules of the Court of Chancery of the State of Delaware 5.1(c) or such other statute or rule providing for similar protection. If Wendy's determines that the Complaint constitutes or contains Inspection Information that should be filed under seal, [Plaintiff] shall take appropriate steps to ensure that such Inspection Information is filed under seal. In addition, [Plaintiff] shall take all steps reasonably necessary to ensure the continued confidentiality of all Inspection Information. Except as otherwise provided in this Paragraph 6, no Inspection Information may be disclosed or used in any way in any public filing, unless the Inspection Information becomes public or [Plaintiff] is otherwise ordered by a court.

Confidentiality Agreement (Doc. 1-1) at ¶ 6.

Plaintiff wishes to file a Complaint that includes information based on the Section 220 Materials. (Doc. 1 at ¶ 7). Plaintiff seeks an order allowing him to (1) file the Complaint under seal and (2) file a publicly available redacted version of the Complaint after reaching an agreement with Defendants' counsel as to the appropriate redactions. (*Id.*).

## II. STANDARD OF REVIEW

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.*

That is because there is a "stark" difference between, on one hand, the propriety of allowing litigants to exchange documents in secret, and on the other, allowing litigants to shield those documents which are ultimately relied on in the Court's adjudication from public view.  *See Shane Grp.*, 825 F.3d at 305.  Parties are typically entitled to a "protective order" limiting disclosure of documents in discovery upon a mere showing of good cause.  *Id*.  However, "very different considerations apply" when these materials are filed in the public record.  *Id.*

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record.  *Id.*  Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records.  *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

Three times in the past year the Sixth Circuit has explained that a party moving to seal court records must overcome a significant burden.  *See Shane Grp.*, 825 F.3d at 305-06; *Klingenberg*, 658 Fed. Appx. at 207-08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-96 (6th Cir. 2016).  According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them.  *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).  The burden is a heavy one:  "Only the most compelling reasons can justify the non-disclosure of judicial records."  *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.  *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984).  The proponent of sealing therefore must "analyze in detail,

3

>document by document, the propriety of secrecy, providing reasons and
>legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305-06.

A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting the parties "could not have waived the *public's* First Amendment and common law right of access to court filings[]") (citation omitted); *see also In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 475 (6th Cir. 1983) (in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation to keep its records open for public inspection that obligation is not conditioned upon the desires of the parties to the case. *Shane Grp.*, 825 F.3d at 307.

A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). A court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id.*

### III. ANALYSIS

Plaintiff's motion file the complaint under seal falls woefully short of the standards provided by the Sixth Circuit. The motion does not "analyze in detail" any document the Plaintiff seeks to seal, does not it provide legal citations supporting the requested seal, and does not show that the requested seal is "narrowly tailored."

4

Plaintiff argues that he and Wendy's agreed to file the Section 220 Materials under seal, but their private agreement does not obviate the Court's duty to ensure that its records are open for public inspection. *See Rudd Equip.*, 834 F.3d at 595; *Shane Grp.*, 825 F.3d at 307. Plaintiff has simply not offered compelling reasons sufficient to justify non-disclosure.

Nevertheless, the Court assumes that Plaintiff filed the instant motion so as to avoid potentially being accused by Wendy's of breaching his obligations under the Confidentiality Agreement. To that end, the Court will allow the Plaintiff to file his complaint under seal on the condition that the seal will expire 120 days from filing unless (1) Plaintiff successfully moves to seal the complaint (or portions of the complaint) under the standard set forth by the Sixth Circuit Court of Appeals, or (2) Plaintiff moves to extend the conditional period on the basis that a motion to seal is pending before this Court.

The Court finds this to be a sound approach which balances the public's interest in access to court records with the Plaintiff's interest in complying with his contractual obligations. Whether or not Plaintiff is ultimately able to provide compelling reasons for permanently sealing the complaint and/or the Section 220 Materials, the public interest will not be harmed by the complaint having been sealed for a mere 120 days at the very beginning of this lawsuit, well before the Court has considered the merits of any claim.

Plaintiff shall serve a copy of this Order on Defendants concurrently with service of summons and the complaint under Fed. R. Civ. P. 4.

5

## IV.  CONCLUSION

For these reasons, Plaintiff's motion to file verified shareholder complaint under seal (Doc. 1) is **CONDITIONALLY GRANTED**.  Accordingly:

1. Plaintiff may file the complaint under seal, however, the seal will expire in 120 days from filing unless (1) Plaintiff successfully moves to seal the complaint (or portions of the complaint) under the standards set forth by the Sixth Circuit Court of Appeals or (2) Plaintiff moves to extend the conditional period on the basis that a motion to seal is pending before this Court; and

2. Plaintiff shall serve a copy of this Order on Defendants concurrently with service summons and a copy of the Complaint under Fed. R. Civ. P. 4.

**IT IS SO ORDERED**.

Date:   4/14/17

*Timothy S. Black*
Timothy S. Black
United States District Judge